IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-01-0304-03 |
| v. | : | (Judge McClure) |
| ROBERT HOLTZAPPLE, | : | |
| Defendant | : | |

### ORDER

April 25, 2005

**BACKGROUND:**

The court has before it defendant's petition for return of property, filed December 15, 2004. In compliance with the court's order of January 6, 2005, defendant then filed a brief in support of the petition on January 18, 2005. Counsel for defendant was unable to obtain the United States Attorney's concurrence or non-concurrence with regard to the petition. Furthermore, the government has filed no brief in opposition to the petition and, therefore, the petition properly characterized as a motion under Fed.R.Crim.P. 41(g) is deemed unopposed pursuant to LR 7.6. In addition, defendant's counsel attached to the petition a copy of a letter, dated July 25, 2002, from John J. McCann, Assistant United States Attorney, reading in large part as follows:

> This will confirm our conversations of the past two days. The United States does not intend to seek forfeiture of the firearms taken from your client Robert Holtzapple's home on October 1, 2001.
>
> At the time of sentencing or shortly thereafter the firearms will be returned to your client's son, assuming he is capable of possessing them.

The government will be directed to file a full accounting of all property seized from defendant Holtzapple in connection with the investigation and prosecution of the above-captioned matter indicating what property remains in the possession of the government and to the extent that the property is no longer in the possession of the government, the detailed description and disposition of the same.

Defendant will also be required to file a statement setting forth the name, address and telephone number of the person whom he wishes to designate to take possession of the firearms, as defendant is now prohibited from possessing any firearms.

Although the court is not aware of any factual issues other than the identity of the person to be designated to receive the firearms, the court will hold an evidentiary hearing on all matters necessary to dispose properly of the petition.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The government is directed to file on or before May 13, 2005 a statement setting forth a full accounting of all property seized from defendant Holtzapple in connection with the investigation and prosecution of the above-captioned matter.

2. Defendant shall file on or before May 13, 2005 a statement setting forth the name, address and telephone number of the person the defendant proposes to designate as the recipient of any firearms belonging to defendant.

3. An evidentiary hearing is scheduled on the matter for May 24, 2005 at 10:30 a.m. in Courtroom No. 3, Third Floor, Federal Building, 240 West Third Street, Williamsport, Pennsylvania.

4. A writ will issue to obtain the presence of defendant Holtzapple.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge